Kurt **GRIMES**, Plaintiff–Appellant,

v.

**WEST GROUP COMPANY,**
Defendant–Appellee.

No. 00–15685.

D.C. No. CV98–04054–SBA/WDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Nov. 27, 2001.

Before GOODWIN, HUG, and THOMAS, Circuit Judges.

### MEMORANDUM *

Plaintiff Kurt Grimes appeals the summary judgment against his employment discrimination claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo a district court's grant of summary judgment. *See King v. AC & R Adver.*, 65 F.3d 764, 767 (9th Cir.1995). We affirm.

Grimes contends that he was harassed and constructively discharged because of his race and sexual orientation in violation of, *inter alia,* California Government Code

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 12940 and California Labor Code §§ 1101, 1102. He argues that his employer, West Group, constructively discharged him when he resigned because of continuous harassment and unfair treatment by his supervisor, Mark Lecker. Grimes further contends that Lecker's conduct was motivated by improper discriminatory animus based on Grimes' race and sexual orientation. Lastly, Grimes claims that this harassing and discriminatory conduct constituted intentional infliction of emotional distress.

█ Constructive discharge occurs when an employer intentionally creates, or knowingly permits, conditions so intolerable that they effectively force an employee to resign. *See Mullins v. Rockwell Int'l Corp.*, 15 Cal.4th 731, 737, 63 Cal. Rptr.2d 636, 936 P.2d 1246 (1997). If proven, constructive discharge is legally equivalent to a termination, *see Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1248, 32 Cal.Rptr.2d 223, 876 P.2d 1022 (1994), and therefore can constitute an adverse employment decision for purposes of establishing a prima facie case of discrimination. *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 355, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000).

█ We find no evidence in the record to suggest that Grimes left West Group because of intolerable working conditions. At most, Grimes' evidence proved that he and Lecker did not like each other, for reasons that are not disclosed in the record. The evidence tended to prove that Grimes left his employment with West Group in order to accept more desirable employment elsewhere. The evidence that Grimes did not receive a promotion he wanted, and that Lecker did receive, showed only that the company preferred to have Lecker in the position for performance reasons, and revealed no discriminatory motive.

None of the other actions alleged by Grimes to be adverse employment actions meets the standard required under California law. *See Thomas v. Dep't of Corr.*, 77 Cal.App.4th 507, 511, 91 Cal.Rptr.2d 770 (2000).

█ Grimes' intentional infliction of emotional distress claim is preempted by workers' compensation because the discrimination claims fail and because Grimes has not alleged any conduct outside the normal course of an employer-employee relationship. *See* Cal. Lab.Code § 3600; *Fretland v. County of Humboldt*, 69 Cal. App.4th 1478, 1492, 82 Cal.Rptr.2d 359 (1999).

We need not reach the remaining questions tendered in the appeal because none of them survives Grimes' failure to prove constructive discharge and discrimination.

***AFFIRMED.***