UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZANE HARDIN,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant - Appellee. | No. 13-15098<br><br>D.C. No. 1:08-cv-00617-AWI-BAM<br>Eastern District of California, Fresno<br><br>ORDER |

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Movant's motion to substitute a personal representative of deceased appellant is granted. Court records shall be amended to reflect that Ruth Hardin is now the Personal Representative of Zane Hardin.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUTH HARDIN, personal representative
for Zane Hardin,

　　　　　　Plaintiff - Appellant,

　　v.

WAL-MART STORES, INC.,

　　　　　　Defendant - Appellee.

No. 13-15098

D.C. No. 1:08-cv-00617-AWI-
BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted March 12, 2015[**]
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

　　Ruth Hardin, personal representative for Zane Hardin, appeals the district

court's judgment in favor of Wal-Mart on Hardin's fourteen claims.  In this

diversity case, Hardin alleges age and disability discrimination in violation of the

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12900–12996, in addition to various other state law claims. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decisions de novo, *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 905–06 (9th Cir. 2013), we affirm.

1.      As an initial matter, we dismiss Hardin's claims for intentional and negligent infliction of emotional distress for lack of standing. *See Berkley v. Dowds*, 61 Cal. Rptr. 3d 304, 314 (Cal. Ct. App. 2007); *see also Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1050–51 (9th Cir. 2009) ("[U]nder California law, the Estate's tort claims for emotional distress did not survive the death of [the plaintiff]."). *Sullivan v. Delta Air Lines, Inc.*, 935 P.2d 781 (Cal. 1997), is inapplicable because Hardin was not awarded judgment in his favor on these claims while he was alive. *See* 935 P.2d at 785, 792. In any event, Hardin's claims for intentional and negligent infliction of emotional distress also fail on the merits for the reasons included in the district court's well-reasoned decisions.

2.      Hardin has failed to establish a prima facie case for discrimination or retaliation based on Wal-Mart's alleged failure to promote. Although failure to promote is a classic example of an adverse employment action, *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), Hardin points to no evidence showing that Wal-Mart failed to promote him. In fact, Hardin admits that

2

he never applied for a promotion using Wal-Mart's required computer system. To the extent Hardin argues that he applied for a promotion through other channels, Hardin cannot identify the open position he applied for, the person who vacated the position, or the person who ultimately received the position. The district court properly granted summary judgment against Hardin on these claims. *See Loggins v. Kaiser Permanente Int'l*, 60 Cal. Rptr. 3d 45, 51 (Cal. Ct. App. 2007).

3.      Hardin has failed to establish a prima facie case for discrimination or retaliation based on Wal-Mart's requirement that Hardin park in a different disabled parking spot. The change in parking spaces did not materially affect the terms, conditions, or privileges of Hardin's employment and therefore did not constitute an adverse employment action. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1138–39 (Cal. 2005); *Thomas v. Dep't of Corr.*, 91 Cal. Rptr. 2d 770, 773 (Cal. Ct. App. 2000). The district court properly granted summary judgment against Hardin on these claims. *See Loggins*, 60 Cal. Rptr. 3d at 51.

4.      Hardin has failed to establish a prima facie case for age discrimination based on Wal-Mart's reduction of his hours. Hardin points to no evidence creating a genuine issue of material fact as to whether there was a causal link between the reduction in hours and Hardin's age. *See Loggins*, 60 Cal. Rptr. 3d at 51. One stray remark about Hardin's age by an employee in 2002 does not suggest that a

3

different employee had similar motivations in reducing Hardin's hours in 2009. Likewise, a preliminary research memo about the rising costs of healthcare circulated only to a small number of Wal-Mart executives does not suggest a link between the reduction in hours and Hardin's age. The district court properly granted summary judgment against Hardin on this claim. *See id.*

5.     Hardin has failed to establish a prima facie case for retaliation based on Wal-Mart's reduction of his hours. Hardin has not shown that his reduction in hours was causally related to his requests for reasonable accommodations. *See Loggins*, 60 Cal. Rptr. 3d at 51. The district court properly granted summary judgment against Hardin on this claim. *See id.*

6.     Hardin has failed to establish a prima facie case for retaliation based on Wal-Mart's Coaching Report. Hardin argues that Wal-Mart authored this report out of a retaliatory motive for Hardin's workers compensation claim. Although an "undeserved" performance rating can, in certain circumstances, constitute an adverse employment action, *see Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987), "a mere oral or written criticism of an employee . . . does not meet the definition of an adverse employment action under FEHA," *Akers v. Cnty. of San Diego*, 116 Cal. Rptr. 2d 602, 613 (Cal. Ct. App. 2002). Hardin points to no facts in the record showing that Wal-Mart subsequently "use[d] the negative evaluation

4

to substantially and materially change the terms and conditions of [Hardin's] employment." *See Akers*, 116 Cal. Rptr. 2d at 614. Therefore, we agree with the district court that the Coaching Report was not an actionable adverse employment action. *See id.*

7. Hardin has failed to establish a genuine issue of material fact on his disparate impact claim. To prevail, Hardin "must show that regardless of motive, a facially neutral employer practice or policy, bearing no manifest relationship to job requirements, in fact had a disproportionate adverse effect on certain employees because of their membership in a protected group." *See Frank v. Cnty. of L.A.*, 57 Cal. Rptr. 3d 430, 440 (Cal. Ct. App. 2007) (internal quotation mark omitted). But Hardin only points to Wal-Mart's parking policy and alleged hiring practice, neither of which is facially neutral as articulated by Hardin. The appropriate avenue for challenging these policies is through a disparate treatment claim, not a disparate impact claim. *See id.* The district court properly granted summary judgment against Hardin on this claim. *See id.*

8. Hardin has failed to establish a genuine issue of material fact on his harassment claim. To be actionable, FEHA requires that the harassment be "sufficiently severe or pervasive to alter the conditions of the victim's employment." *Etter v. Veriflo Corp.*, 79 Cal. Rptr. 2d 33, 37 (Cal. Ct. App. 1998)

5

(internal quotation marks omitted).  Here, Hardin points to four incidents scattered over a span of eight years: (1) several threats to fire Hardin or reduce his hours; (2) a manager's comment that Hardin's wife did not need health insurance; (3) an isolated incident where a manager yelled at Hardin; and (4) Wal-Mart's alleged conversion of Hardin's sitting stool.  These events do not form a pattern of behavior that was sufficiently severe to constitute an FEHA violation.  *See Haberman v. Cengage Learning, Inc*., 103 Cal. Rptr. 3d 19, 33 (Cal. Ct. App. 2009).  The district court properly granted summary judgment against Hardin on this claim.

9.     Hardin has failed to establish a genuine issue of material fact on his reasonable accommodation claim based on Wal-Mart's requirement that he park in a different handicapped parking spot.  Read in the light most favorable to Hardin, the evidence only shows that Wal-Mart told Hardin not to park in the Tire, Lube, and Express Department's parking spots.  There is no evidence that Wal-Mart prevented Hardin from parking in *any* disabled parking spot.  Hardin has failed to show that Wal-Mart's requirement that he park in the disabled parking spots located at the front of the store was an unreasonable accommodation.  Although the TLE parking spot was technically closer to Hardin's workstation, Hardin does not dispute the fact that he was required to enter through the front door of the building

6

for security reasons. Therefore, Hardin has failed to show that Wal-Mart did not reasonably accommodate his disability. *See Scotch v. Art Inst. of Cal.-Orange Cnty., Inc.*, 93 Cal. Rptr. 3d 338, 358 (Cal. Ct. App. 2009). The district court properly granted summary judgment against Hardin on this claim.

10. Hardin has failed to establish a genuine issue of material fact on his reasonable accommodation claim. Hardin argues that Wal-Mart failed to reasonably accommodate his disability by providing him with a stool. In California, an employer's duty to provide an employee with a reasonable accommodation arises as soon as the employer is aware of an employee's disability and physical limitations. *See Prilliman v. United Air Lines, Inc.*, 62 Cal. Rptr. 2d 142, 147–51 (Cal. Ct. App. 1997). Here, Hardin's prior use of the stool while working did not constitute sufficient notice to Wal-Mart that Hardin needed that type of accommodation for his back disability. Indeed, one of the medical certifications relating to Hardin's disability restricted his sitting or prescribed the use of a stool during the period at issue. The record shows that once Wal-Mart was aware of Hardin's need for a reasonable accommodation, it promptly provided a stool. The district court properly granted summary judgment against Hardin on this claim. *See id.*

7

11.     Hardin appeals the district court's grant of summary judgment against Hardin on his claims based on the Unruh Civil Rights Act, Cal. Civ. Code § 51(b), breach of contract/promissory estoppel, conversion, defamation, and the Cal. Bus. & Prof. Code § 17200.  We affirm the grant of summary judgment against Hardin on these claims based upon the well-reasoned decisions of the district court.

12.     Hardin also appeals the district court's order dismissing his causes of action for promissory fraud, negligent misrepresentation, and elder abuse for failure to state a claim.  We have jurisdiction to consider these issues.  By appealing the final judgment, Hardin "implicitly brought all of the district court's subordinate orders within the jurisdiction of [this] court." *See Hall v. City of L.A.*, 697 F.3d 1059, 1070 (9th Cir. 2012).  We affirm the dismissal of these claims based upon the well-reasoned decision of the district court.

**AFFIRMED**.