[No. B185398. Second Dist., Div. Eight. Oct. 10, 2006.]

DONNA COLLINS et al., Plaintiffs and Appellants, v.
HERTZ CORPORATION et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Mark Weidmann, Mark Weidmann and Lee Franck for Plaintiffs and Appellants.

Thelen Reid & Priest, Curtis A. Cole, James H. Turken and Nicole M. Duckett for Defendants and Respondents.

OPINION

**BOLAND, J.—**

## SUMMARY

Two employees sued their employer and numerous individual employees and supervisors for workplace harassment and retaliation, violation of the Family Rights Act, and race, age and disability discrimination in violation of the Fair Employment and Housing Act (FEHA), Government Code section 12940 et seq., and public policy. Defendants moved for summary judgment. In opposition to the motion, plaintiffs submitted voluminous papers which failed to comply with the requirements of Code of Civil Procedure section 437c (section 437c), or California Rules of Court, rule 342 (rule 342). The trial court afforded plaintiffs an opportunity to cure the defects and resubmit opposition papers which complied with applicable rules. Plaintiffs filed new papers, which also failed to meet the procedural requirements governing motions for summary judgment. The trial court struck the offending portions of plaintiffs' separate statement, as well as portions of their responsive declarations. As a result, the majority of defendants' facts were effectively left undisputed and, on that basis, summary judgment was granted. Plaintiffs appeal. We affirm.

## STANDARD OF REVIEW

We generally review the trial court's decision to grant summary judgment de novo. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65, 67–68 [99 Cal.Rptr.2d 316, 5 P.3d 874].) However, a decision to grant summary judgment after striking portions of an opposing party's separate statement, because that party failed to comply with the requirements for the separate statement is reviewed for abuse of discretion. (*Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1208 [35 Cal.Rptr.3d 411] (*Parkview Villas*).) With these standards in mind, we turn to the facts and proceedings in this case.

## PROCEDURAL AND FACTUAL BACKGROUND

In this employment discrimination action, appellants Lena Donald and Donna Collins asserted nine causes of action against respondent Hertz Corporation (Hertz): (1) racial discrimination; (2) retaliation for complaints of racial discrimination and/or harassment; (3) racial harassment; (4) retaliation for participating in matters concerning complaints of sexual harassment;

(5) disability discrimination; (6) retaliation for requesting a reasonable accommodation or complaints of disability discrimination; (7) refusal to comply with the Family Rights Act (FRA), Government Code section 12945.1 et seq.; (8) retaliation for opposing violations of the FRA; and (9) age discrimination. Each claim allegedly violated both common law and one or more provisions of FEHA or the FRA. A 10th cause of action for wrongful termination was alleged against Hertz by Collins alone. The individual respondents, eight Hertz employees or supervisors, were named as defendants only as to the third cause of action for racial harassment.[1]

In October 2004, respondents moved for summary judgment or alternatively summary adjudication as to each cause of action, asserting that neither Collins nor Donald could prevail on any claim. In support of its motion, Hertz presented the following evidence:[2]

*Lena Donald*

Hertz hired appellant Lena Donald to work as a counter sales representative in August 1981. She worked at the company's Los Angeles International Airport (LAX) facility. Seven customer complaints were lodged against Donald between September 2002 and February 2003. Donald also received oral and written reprimands for repeated customer rudeness and poor work performance. Due to the length of her employment with the company, Donald was afforded multiple opportunities to improve her customer service skills. When no improvement occurred, Donald was terminated on February 18, 2003, for poor work performance. Shortly thereafter, Donald's union brought Hertz before the board of adjustment (Board) and a hearing was conducted regarding Donald's termination. The Board issued a binding decision concluding discipline was warranted against Donald for her poor work performance and customer complaints. However, in lieu of termination, the Board determined Donald should be suspended without backpay and its decision would function as a "final warning" to her regarding customer complaints. Donald was reinstated with no loss in seniority in early March 2003, and remains employed by Hertz.

---

[1] The individual respondents are: Kelly Graham, Mary Jones, Kathy Contreras, Amy Peterson, Sharon Webb, Diane Scusky, Amy Koechler and Brett Campbell. A third plaintiff, Lisa Blazio, and another entity defendant, the Ford Motor Company (Hertz's corporate parent), are not parties to this appeal.

[2] Because the individual respondents are parties to only one cause of action, our discussion refers primarily to Hertz.

*Donna Collins*

Donna Collins was hired by Hertz as a station manager at its LAX facility in June 1999. She made lateral job moves to bus manager and back to station manager, receiving a salary increase with each move. Collins's work performance never exceeded an evaluation of "average." Additionally, she received numerous reprimands for problems associated with a consistent inability to rectify problems regarding timing and scheduling of busses and drivers, mathematical errors, poor judgment, rudeness to customers, insubordination, and a general quality of work that Hertz deemed unacceptable. Collins was never demoted. However, based on poor work performance, Collins was given a "final letter of warning" on July 30, 2002. On September 27, 2002, Collins received another "final warning" placing her on probation for 60 days and stating that, if the company did not see significant improvements in her job performance during that period, she would be terminated. Collins took a medical leave of absence in late December 2002. She remained under a doctor's care at the time the summary judgment motion was pending, and has never returned to work. She is still employed by Hertz.

*The motion for summary judgment or summary adjudication*

By its motion, Hertz asserted neither plaintiff could prevail on any claim alleged against the company or any employee. In support of the motion, Hertz presented deposition testimony by Donald and Collins, in which each plaintiff admitted she had no knowledge of, and could not cite one example or instance of, discrimination or harassment—whether based on race/color, disability, medical status or age—taken against her by Hertz or any individual respondent. In addition, neither Donald nor Collins was aware of any action taken against her that was motivated by a discriminatory purpose. In deposition testimony, Donald and Collins conceded they had never experienced or complained about sexual harassment at Hertz, or been retaliated against for complaining about sexual harassment. Hertz also presented deposition testimony in which Donald and Collins conceded they had never experienced harassment or retaliation by Hertz for requesting a reasonable accommodation for a disability, and had not been denied any right guaranteed under the FRA. Finally, Hertz presented evidence Collins is still its employee.

Appellants responded to Hertz's single memorandum of points and authorities, and single separate statement of undisputed material facts by filing three individual opposing memoranda of points and authorities—one on behalf of each then plaintiff, four opposing separate statements, and nine declarations and amended declarations.

An initial hearing on the motion was conducted in early January 2005. At the outset, the trial court expressed a tentative ruling to grant summary adjudication as to certain claims and parties, and deny the motion in other respects. During oral argument, respondents' counsel complained that appellants' papers were not only unduly voluminous, they failed to comply with the rules of court governing motions for summary judgment or adjudication. The court agreed, withdrew and vacated its tentative ruling, and ordered appellants' counsel to refile opposing papers which contained no substantive changes, but complied with the applicable procedural rules. The court provided the attorneys a summary of the statutes and rules of court governing summary judgment motions, and even read California Rules of Court, rule 342(f) (rule 342(f)) into the record, particularly so that appellants' attorney, Lee Franck, would have no remaining confusion as to the court's expectations when he refiled his clients' response to Hertz's separate statement.

"Corrected" opposing and reply papers were submitted. The motion was argued on March 14, 2004, and taken under submission. A written order was issued on June 13, 2005. By that order, the trial court found that appellants' resubmitted 105-page separate statement still failed to comply with the requirements of section 437c and rule 342(f) in numerous respects. For example, as to certain facts Hertz asserted were "undisputed," appellants had either "failed to unequivocally state whether that fact [was] disputed or undisputed," or simply had failed to address a purportedly undisputed fact at all. As a result, those facts were deemed undisputed as a matter of law. As to a multitude of other facts, the court found appellants failed to cite any supporting evidence to support their claim that a given fact was disputed, but simply incorporated other responses or as many as 132 other " 'facts' set forth elsewhere, . . . making it difficult or impossible to determine the material disputed facts asserted by [appellants]." Those "facts" also were deemed undisputed based on appellants' failure to comply with rule 342(f). After ruling on the parties' evidentiary objections, the court found that Hertz satisfied its burden of demonstrating no triable issues of material fact existed, and granted summary judgment. The court subsequently awarded costs to Hertz. Appellants filed a notice of appeal from the June 13, 2005 order granting judgment in respondents' favor.[3]

## DISCUSSION

Donald and Collins contend the trial court committed reversible error in numerous distinct ways, which are addressed below. None of their contentions has merit.

---

[3] Collins and Donald also purport to appeal from the cost award. However, they neglected to file a timely notice of appeal from that order, which we now lack jurisdiction to consider.

1. *Appellants' complaint regarding the page limitation imposed by the trial court is moot and, in any event, the limitation was entirely proper.*

When Donald, Collins, and their former coplaintiff were ordered to refile their opposing papers, the trial court ordered them to file one memorandum of points and authorities, in lieu of the three individual memoranda initially filed. Franck objected contending that, under California Rules of Court, rule 313(d) (rule 313(d)), each plaintiff was entitled to submit a brief of up to 20 pages. The court extended the page limitation for the opposition brief to 45 pages. Franck refused to "accept" that order. Donald and Collins contend the court committed reversible error by concluding rule 313(d) sets a total page limitation for an opposition to a motion for summary judgment, rather than a separate page limitation as to each plaintiff. They are incorrect on the facts and the law.

First, irrespective of any limitation imposed by the rule, appellants' complaint of error is moot; they received precisely what they sought. Although appellants complain the trial court limited them to a memorandum of no more than 50 pages, the record reflects otherwise. Indeed, the record reflects the court gave appellants permission to file an opposition memorandum of up to 60 pages.

Second, appellants' contention that rule 313 "allows each party facing summary judgment to have 20 pages" lacks merit. The rule is quite clear: "In a summary judgment . . . motion, no . . . responding memorandum may exceed 20 pages." (Rule 313(d).) This is a single lawsuit, filed jointly by several plaintiffs against their employer and some of its employees. Hertz and its codefendants filed a single motion against all three plaintiffs. Accordingly, one responsive memorandum was in order. It is not the case that because Collins and Donald were each "facing summary judgment," each had a right to file her own 20-page brief. If, as appellants claim, the facts of their individual circumstances were so complex as to warrant a lengthier memorandum, the rules provide a vehicle to obtain that relief. (See Cal. Rules of Court, rule 313(e) [establishing procedure by which party may seek permission of court to file a longer brief, upon explanation as to the reason excess length is necessary].) Appellants chose to ignore that process.

2. *The trial court did not abuse its discretion by striking portions of appellants' separate statement.*

Donald and Collins assert the trial court erred by requiring the submission of a joint separate statement in response to the one submitted by Hertz, rather

than accepting their initial joint separate statement ostensibly responding to facts Hertz claimed were undisputed, plus an additional separate statement setting forth facts excluded from the Hertz's separate statement. They also insist the court erred in striking portions of their separate statement for failure to comply with statutory and procedural requirements. They are mistaken.

■ We need not address appellants' first contention of error. Even if they were permitted to file individual separate statements,[4] the documents filed in this action fell far short of the requirements of section 437c. That statute requires an opposing party's separate statement to respond specifically to each purportedly undisputed fact, with a statement indicating whether the party agrees or disagrees the fact is undisputed and, for each fact she disputes, a citation to the evidence supporting her position. Further, any additional material facts the opposing party contends are disputed must also be set forth in the separate statement, with references to supporting evidence. (§ 437c, subd. (b)(3); see also rule 342(e)(2), (3), (f), & (h).) Appellants' "additional separate statement" submitted in opposition to the motion contains at least 133 additional facts, none of which is specifically linked to any item at issue in Hertz's motion.

■ "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493].) To that end, the rules dictating the content and format for separate statements submitted by moving and responding parties "permit trial courts to expeditiously review complex motions for . . . summary judgment to determine quickly and efficiently whether material facts are disputed." (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 335 [282 Cal.Rptr. 368]; see also *Parkview Villas, supra*, 133 Cal.App.4th at p. 1210.) That goal is defeated where, as here, the trial court is forced to wade through stacks of documents, the bulk of which fail to comply with the substantive requirements of section 437c, subdivision (b)(3), or the formatting requirements of rule 342, in an effort to cull through the arguments and determine what evidence is admitted and what remains at issue.

---

[4] Which, for the same reasons discussed above, they were not. Appellants' argument hinges on the fact the rule is written in the singular, addressing a moving and an opposing party. (See, e.g., § 437c, subds. (c) & (e).) This is too narrow an interpretation. The rules relate to *a motion*, whether it is brought—or opposed—by one party or several. The organizational format for the separate statement supporting or opposing a motion for summary judgment or adjudication is designed to address an individual cause of action or issue, as it relates to one or more parties.

The realization of this goal is so important that the Legislature has determined "[f]ailure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (§ 437c, subd. (b)(3).)

Recognizing it "could have easily . . . grant[ed] [the motion for summary judgment] based on [appellants'] rule violations," the trial court nevertheless gave Collins and Donald an opportunity to cure the defects and resubmit their opposition papers. Unfortunately, the resubmission was no improvement. As instructed by the court, appellants did submit a single separate statement. However, the statement failed to comply with the requirements of rule 342(f) that appellants unequivocally state whether each particular fact was disputed and, if so, specifically and succinctly cite the evidence supporting that contention. In some places, appellants failed to state whether a fact was disputed or not. In other places, they purported to dispute a fact, but failed to cite any evidence or gave only argument. Appellants even argued some facts with which they purportedly had no dispute. A large number of appellants' individual responses were not responses at all, but rather incorporated responses of as many as 172 other disputed, undisputed or unspecified facts. Appellants' individual responses incorporated so many other responses—which themselves often referred to other "responses"—the court observed it would take "hours and hours and hours and hours to backtrack [through the separate statement] and figure [it] out." Indeed, the separate statement—addressed to 12 issues Hertz sought to summarily adjudicate in an action involving 13 parties—was so confusing that, notwithstanding the court's explicit instructions to counsel regarding the requirements of and the need to resubmit papers that complied with rule 342, appellants had "basically [made] it absolutely impossible for the trial court to figure out what [were] the triable issues of fact in this case, what [had] to go to trial, and what [could] be disposed of by summary judgment."

In January 2005, the trial court presciently adopted the prudent course outlined by our colleagues later that year in *Parkview Villas*. In that case, the trial court found a party's separate statement submitted in opposition to a motion for summary judgment failed to comply with section 437c or rule 342. The court deemed the separate statement wholly inadequate, concluded it was " 'not required to comb the 37 pages of declarations and hundreds of pages of attached documents to unearth evidence supporting plaintiff's position,' " and granted judgment for the defendant. (*Parkview Villas, supra*, 133 Cal.App.4th at p. 1208.) Our colleagues in Division Seven reversed the grant

of summary judgment. They found the trial court abused its discretion by granting summary judgment without first giving plaintiff a chance to cure the deficiencies in its separate statement. (*Id.* at pp. 1201, 1211.)

■ The separate statement serves two important functions in a summary judgment proceeding: It notifies the parties which material facts are at issue, and it provides a convenient and expeditious vehicle permitting the trial court to hone in on the truly disputed facts. (*United Community Church v. Garcin, supra*, 231 Cal.App.3d at p. 335; *Parkview Villas, supra*, 133 Cal.App.4th at p. 1210.) A busy trial court's task is made extremely difficult if a party opposing summary judgment fails to comply with the requirements of rule 342, stating unequivocally whether a fact is undisputed or not and, if not, stating the nature of the dispute and identifying the evidence supporting its contention. Without question, trial court has every right "to refuse to proceed with a summary judgment motion in the absence of an adequate separate statement from the opposing party." (*Parkview Villas, supra*, 133 Cal.App.4th at p. 1211.) However, an immediate grant of summary judgment is, in most instances, too harsh a consequence. "[T]he proper response in most instances, if the trial court is not prepared to address the merits of the motion in light of the deficient separate statement, is to give the opposing party an opportunity to file a proper separate statement . . . ." (*Ibid.*; see *United Community Church v. Garcin, supra*, 231 Cal.App.3d at p. 335; *Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89, 94–95 [5 Cal.Rptr.2d 220].)

That precise route was taken here. The trial court identified the specific deficiencies in appellants' initial filings, provided their attorney with a summary of the statutes and rules governing proceedings involving motions for summary judgment, and even read him rule 342(f) so there would be no confusion as to what it expected when appellants resubmitted their opposition papers. Instead, appellants resubmitted documents that the court found "so utterly noncompliant with the rules that it would be impossible for [the court] to backtrack. It would take days and days and days and days to backtrack and figure out what evidence [appellants] had in response to these particular separate statements." The court found it was not fair to it or to anyone to require that amount of effort, and it did not have the time or resources to sort out the jumble. Accordingly, it deemed undisputed each entry in appellants' separate statement which failed to satisfy rule 342.

■ We find no abuse of discretion in that ruling. The trial court specified deficiencies in appellants' initial filing, identified the precise manner in which those deficiencies could be rectified, and afforded appellants ample opportunity to prepare new papers in compliance with applicable rules. Precisely this and no more was required, and appellants' reliance on *San Diego Watercrafts,*

*Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308 [125 Cal.Rptr.2d 499], is misplaced. Unlike the parties in that case, Collins and Donald were afforded an opportunity to cure the defects in their papers, and the trial court granted the motion only after their failure or refusal to take advantage of that opportunity. They were not entitled to a third opportunity to try to file conforming papers, nor was the trial court required to wade through a "full box of Xerox paper or roughly 5000 sheets" in an attempt to discern whether any material facts remained disputed among the 13 parties or 12 matters at issue in the motion for summary judgment. It is appellants' duty to direct the court to evidence that supports their claims. It is not the court's duty to rummage through the papers to construct or resuscitate their case. As we said recently in *Eddins v. Sumner Redstone* (2005) 134 Cal.App.4th 290 [35 Cal.Rptr.3d 863], "[t]he trial court cannot be expected to address expressly every piece of evidence contained in a voluminous record, much less address evidentiary items on which a party has not relied to create a disputed issue of material fact." (*Id.* at p. 318.) The court did not abuse its discretion by striking those portions of appellants' separate statement which failed to comply with the procedural requirements governing proceedings involving motions for summary judgment.[5]

### 3. *No triable issues of material fact remain.*

We turn now to the question of whether the remaining evidence establishes the existence of disputed issues of material fact such that trial is required for any of the 10 causes of action or 13 respondents. We conclude it does not.

---

[5] We have considered, and find no merit in, appellants' remaining contentions of procedural error. Specifically, appellants' claim the trial court erred by striking those responses in which they merely "incorporated by reference" multiple—equally nonresponsive—earlier responses to other undisputed facts lacks merit. Section 437c permits "incorporation by reference" in the context of a motion for summary judgment. That subdivision relates to incorporating "matter in the court's file," not to evidence and materials a party submits in support of its opposition to the motion. (§ 437c, subd. (b)(7).) The "incorporation by reference" in respondents' papers about which appellants complain was entirely proper. Those responses specifically direct the court to evidence which respondents claim advances their contention that a particular material fact is undisputed.

No evidence supports appellants' claim the trial court based its ruling on any improper or superseded local rule, or local rule. The court's rulings rest squarely on rule 342 and section 437c.

Finally, appellants' claim the court improperly struck portions of their declarations lacks merit. The initial declarations were first stricken, not because they were faxed as appellants claim, but because the original declarations appellants' signed and filed contained blanks subsequently. filled in by an unknown source in a different-colored pen. Later, portions of appellants' amended declarations were stricken on grounds such as lack of personal knowledge, vagueness, unsupported conclusory statements made without an adequate foundation, and because representations in each appellant's declaration conflicted with her deposition testimony. (See *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 22 [112 Cal.Rptr. 786, 520 P.2d 10].) None of those rulings was erroneous.

a. *Summary judgment was properly granted for Hertz as to each cause of action for violation of FEHA and public policy.*

■ In eight causes of action levied against it, Hertz allegedly violated FEHA (or FRA) and public policy. The claims are: the first cause of action for race discrimination; the third cause of action for racial harassment; the fifth cause of action for disability discrimination; the seventh cause of action for FRA discrimination; the ninth causes of action for age discrimination; and the second, sixth and eighth causes of action for retaliation. Together, these claims embrace a vast expanse of prohibited conduct. Individually, each claim shares a common critical component with the others: The action taken by the employer about which appellants complain must have been motivated by a discriminatory purpose—or retaliatory motive—against plaintiff because of her protected status. (See Gov. Code, §§ 12940, subds. (a), (h) & (m), 12945.2(*l*); *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 355 [100 Cal.Rptr.2d 352, 8 P.3d 1089]; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 129 [87 Cal.Rptr.2d 132, 980 P.2d 846] [harassment on the basis of any characteristic protected by FEHA is actionable]; *Mixon v. Fair Employment & Housing Com.* (1987) 192 Cal.App.3d 1306, 1317, 1319 [237 Cal.Rptr. 884].)[6]

Evidence in support of that critical component is missing here. In the motion, Hertz presented evidence it applied its policies uniformly to all employees, and that any action taken against Collins or Donald was motivated, not by a discriminatory purpose, but by their poor work performance. Hertz also presented evidence, in the form of each appellant's deposition testimony, that neither Collins nor Donald knew "of any action taken by

---

[6] (See *Caldwell v. Paramount Unified School Dist.* (1995) 41 Cal.App.4th 189, 205 [48 Cal.Rptr.2d 448] [establishing elements for claims of race and age discrimination in violation of FEHA and public policy]; *Etter v. Veriflo Corp.* (1998) 67 Cal.App.4th 457, 464–465 [79 Cal.Rptr.2d 33] [elements of racial harassment]; *Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 610 [262 Cal.Rptr. 842] [elements of sexual harassment]; *Deschene v. Pinole Point Steel Co.* (1999) 76 Cal.App.4th 33, 44 [90 Cal.Rptr.2d 15]; [elements of disability discrimination]; *Dudley v. Department of Transportation* (2001) 90 Cal.App.4th 255, 261 [108 Cal.Rptr.2d 739] [elements of FRA discrimination]; *Flait v. North American Watch Corp.* (1992) 3 Cal.App.4th 467, 476 [4 Cal.Rptr.2d 522] [elements of retaliation for complaints of racial or sexual harassment, and FRA discrimination]; *West v. Bechtel Corp.* (2002) 96 Cal.App.4th 966, 978 [117 Cal.Rptr.2d 647] [to prevail on age discrimination claim under FEHA, plaintiff must show age was a motivating factor]; *Iwekaogwu v. City of Los Angeles* (1999) 75 Cal.App.4th 803, 814 [89 Cal.Rptr.2d 505] [elements of retaliation for requests for accommodation or complaints of disability discrimination]; *Akers v. County of San Diego* (2002) 95 Cal.App.4th 1441, 1453 [116 Cal.Rptr.2d 602] [claim of retaliation under FEHA requires a showing of causal link between adverse action and statutorily protected activity].)

Hertz against her that was motivated by a discriminatory purpose," neither had any "knowledge of any type of discrimination against her on the part of Hertz," and each was "unable to set forth a single example or instance of discrimination on the part of Hertz." This evidence was deemed undisputed by virtue of the ruling striking portions of appellants' separate statement which failed to comply with rule 342(f). Accordingly, there is no evidence of discrimination in violation of FEHA or the FRA and summary judgment was properly granted in favor of Hertz on the first, third, fifth, seventh, and ninth causes of action.

As for the second, fourth, sixth and eighth causes of action alleging various types of unlawful retaliation in violation of FEHA, the FRA and public policy, appellants presented no evidence that they, or either of them, had engaged in a protected activity of which Hertz was aware, or of any causal link between that activity and the allegedly detrimental adverse action taken by Hertz about which they complained. (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042 [32 Cal.Rptr.3d 436, 116 P.3d 1123].) To the extent any of the 453 "additional facts" in appellants' amended separate statement purportedly identified any such protected activity or requisite causal link, those facts were stricken from the record for failure to comply to rule 342(f), a ruling we uphold. Moreover, appellants failed to link those facts to the 12 matters at issue in the motion, or with any of the 10 causes of action alleged in the complaint. In ruling on a motion for summary judgment, a trial court is prudent to exercise its discretion in accordance with the principles of due process, and in favor of considering all the evidence referenced in the parties' papers. (*San Diego Watercrafts, Inc. v. Wells Fargo Bank, supra*, 102 Cal.App.4th at pp. 315–316.) However, as we said before, "[t]he trial court cannot be expected to address expressly every piece of evidence contained in a voluminous record, much less address evidentiary items on which a party has not relied to create a disputed issue of material fact." (*Eddins v. Sumner Redstone, supra*, 134 Cal.App.4th at p. 318.) Appellants chose not to seize the opportunity afforded them to submit opposition papers in compliance with section 437c, and rule 342. In so doing, the court found they "ignored [their] obligation to *cite to evidence* creating a triable issue of material fact and made it difficult or impossible to discern whether there were any material disputed facts." Appellants alone are responsible for this result.

We also reject appellants' attempt to rely on the tentative decision the trial court announced at the initial hearing finding triable factual issues as to four causes of action. First, that tentative decision has no legal effect. "An oral . . . opinion by a trial judge, discussing and purporting to decide the

issues, . . . is merely an informal statement of his views. . . . [I]t is not itself the decision of the court or a judgment. [Citations.]" (7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 9, p. 547.) Moreover, assuming the tentative decision ever had force, it vanished when the tentative oral decision was unequivocally vacated and "withdrawn in its entirety" by the trial court and superseded by a written order requiring appellants to resubmit compliant papers.

### b. *Summary judgment was properly granted in favor of the individual defendants on the third cause of action for racial harassment.*

In their third cause of action, Donald and Collins allege they were subjected to verbal, physical and visual harassment, ostracized and subjected to false criticism and accusations of poor work performance by each individual respondent, and their race and/or color motivated the individual respondents' harassing conduct. The evidence does not support these allegations.

#### (1) *Collins has no viable claim against any individual respondent.*

At her deposition, Collins conceded individual respondents Graham, Webb, Scusky, Koechler and Campbell had "never harassed [her] because of her race." Collins's attempt to dispute respondent Peterson's factual representation that she too "never harassed Collins because of her race" was unsuccessful, and the fact was deemed undisputed when the trial court struck Collins's response due to her failure to comply with rule 342(f).

Accordingly, the only individual respondent as to whom there was purportedly a material factual dispute regarding her alleged racial harassment of Collins is respondent Jones. Unfortunately for Collins, that dispute also dissipated. First, Collins mentions Jones just twice in her declaration. In the declaration, she complains that: (1) Jones once denied her request to have Thanksgiving Day off, but granted the same request later made by a White manager, and (2) Jones once (together with another manager) denied her request for a day off for unspecified reasons. Construing this evidence in the manner most favorable to Collins, neither event, considered alone or together, is sufficiently "detrimental and substantial" to "result in a material change in the terms of her employment, impair her employment in some cognizable manner, or show some other employment injury . . . ." (*Thomas v. Department*

*of Corrections* (2000) 77 Cal.App.4th 507, 511–512 [91 Cal.Rptr.2d 770].) Second, even if Jones's actions were sufficiently severe, the representations in Collins's declaration contradict her deposition testimony. For that reason, the representations are insufficient to defeat summary judgment and were properly stricken by the trial court. (*D'Amico v. Board of Medical Examiners, supra*, 11 Cal.3d at p. 22.) Collins has no viable cause of action against any individual respondent.

> (2) *Donald has no viable claim against any individual respondent.*

Donald admitted unequivocally she had never suffered racial harassment at the hands of either Peterson or Scusky. Donald attempted to take issue with representations made by the remaining individual respondents who stated they never harassed Donald because of her race. However, those portions of the separate statement were stricken when Donald failed to comply with rule 342(f). In addition, Donald's attempt to create a factual dispute by making representations in her declaration contradicting her deposition testimony was quashed by the trial court. For the same reasons stated above, neither ruling was made in error.

### c. *Wrongful termination.*

In her final cause of action, Collins alleges she was engaged in the protected activity of reporting Hertz's intentional misrepresentations designed to defraud its customers, and that, as a result, her employment was wrongfully or constructively terminated. Hertz presented evidence Collins was never demoted and had never resigned from or been fired by Hertz. At her deposition, Collins was unable to identify any instance of abuse or hostility by Hertz.

Collins attempted to dispute Hertz's factual representations, but this portion of the separate statement was stricken due to Collins's failure to comply with rule 342(f). We find no abuse of discretion in that ruling. Accordingly, Hertz established Collins could not prove the essential elements of a claim for wrongful or constructive termination in violation of public policy, and summary judgment was appropriate.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs of appeal.

Cooper, P. J., and Rubin, J., concurred.

Appellants' petition for review by the Supreme Court was denied January 17, 2007, S148582. Moreno, J., did not participate therein.