Filed 8/11/14  Espinoza v. Dole Fresh Vegetables CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BLANCA ESPINOZA, ET AL.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>DOLE FRESH VEGETABLES, INC.,<br><br>    Defendant and Respondent. | 2d Civil No. B250880<br>(Super. Ct. No. 56-2010-381812-CU-OE-VTA)<br>(Ventura County) |

Blanca Espinoza, Norma Santos, and Geronimo Flores appeal from the judgment entered in favor of respondent Dole Fresh Vegetables, Inc. (Dole), after the trial court granted Dole's motion for summary judgment.  Appellants were employees of Four Seasons Produce Packing Company, Inc. (Four Seasons), a licensed farm labor contractor that provided services to Dole.  Dole was in the business of harvesting, packing and transporting fresh produce.  Appellants brought a class action against Four Seasons and Dole.  They contended that defendants had committed wage and hour violations while jointly employing them and members of the class.  We conclude that there are no triable issues of material fact whether Dole was appellants' joint employer.  We also conclude that appellants cannot establish that Dole was their joint employer.  Accordingly, we affirm.

*Background*

In November 2006 Dole and Four Seasons signed a document entitled "Custom Harvesting and Packing Agreement" (the Contract). Four Seasons agreed, "as an independent contractor," to "provide all labor and all equipment necessary for the harvest, packing and transportation of the Product grown for Dole."

The operative pleading, appellants' first amended complaint (the complaint), consists of eight causes of action. It names Four Seasons and Dole as defendants. The complaint alleges that "Defendants jointly employed [appellants] and the class members . . . and maintained and enforced" various "unlawful practices and policies . . . in violation of California minimum statutory wage and hour protections . . . ."

In support of its motion for summary judgment, Dole submitted a separate statement of undisputed material facts. Appellants filed their own separate statement in which they asserted that Dole had hired the workers and had delegated to Four Seasons, via the Contract, its employer responsibilities and authority. In its order granting Dole's motion for summary judgment, the trial court concluded that Dole was not appellants' "joint employer."

*Standard of Review*

A "motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "To determine whether triable issues of fact do exist, we independently review the record that was before the trial court when it ruled on [Dole's] motion. [Citations.] In so doing, we view the evidence in the light most favorable to [appellants] as the losing [party], resolving evidentiary doubts and ambiguities in their favor. [Citation.]" (*Martinez v. Combs* (2010) 49 Cal.4th 35, 68 (*Martinez*).)

"[F]rom commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law. . . . There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in

.2

favor of the party opposing the motion in accordance with the applicable standard of proof. . . . A defendant [moving for summary judgment] bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, fns. omitted.)

A defendant moving for summary judgment also "bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact . . . ." (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 850.) Where, as here, the burden of proof at trial is by a preponderance of the evidence, the defendant must "present evidence that would require a reasonable trier of fact *not* to find any underlying material fact more likely than not . . . ."[1] (*Id.,* at p. 845.) If the defendant carries this burden, the burden of production shifts to the plaintiff "to make a prima facie showing of the existence of a triable issue of material fact." (*Id.,* at p. 850.) The plaintiff must present evidence that would allow a reasonable trier of fact to find the underlying material fact more likely than not. (*Id.,* at p. 852.) "[I]f the court concludes that the plaintiff's evidence or inferences raise a triable issue of material fact, it must conclude its consideration and deny the defendants' motion." (*Id.*, at p. 856.)

"We must presume the judgment is correct . . . ." (*Jones v. Department of Corrections and Rehabilitation* (2007) 152 Cal.App.4th 1367, 1376.) Thus, "[o]n review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court. [Citation.]" (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230.)

*Dole Was Entitled to Summary Judgment*

"Summary judgment cannot be granted on a ground not raised by the pleadings. [Citation.] Conversely, summary judgment cannot be *denied* on a ground not raised by the pleadings. [Citations.]" (*Bostrom v. County of San Bernardino* (1995) 35

---

[1] "[A]s a general rule, the party desiring relief bears the burden of proof by a preponderance of the evidence." (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 866.)

Cal.App.4th 1654, 1663.)  The complaint predicates Dole's liability upon its status as a joint employer of appellants.  The determinative question, therefore, concerns the existence of triable issues of material fact whether Dole and Four Seasons jointly employed appellants.

In considering this question, we rely upon definitions of the employment relationship in "the Industrial Welfare Commission's (IWC) wage order No. 14–2001, entitled 'Order Regulating Wages, Hours, and Working Conditions in Agricultural Occupations' (Cal.Code Regs., tit. 8, § 11140), commonly known as Wage Order No. 14 . . . ."  (*Martinez*, *supra*, 49 Cal.4th at p. 42.)  "The Legislature has delegated to the IWC broad authority over wages, hours and working conditions [citation] . . . ."  (*Id*., at p. 64.)  "In actions . . . to recover unpaid minimum wages, the IWC's wage orders do generally define the employment relationship, and thus who may be liable."  (*Id*., at p. 52.)

The term "['t]o employ['] . . . under the IWC's definition, has three alternative definitions.  It means: [1] to exercise control [either directly or indirectly or through an agent or any other person] over the wages, hours or working conditions, *or* [2] to suffer or permit to work, *or* [3] to engage, thereby creating a common law employment relationship."  (*Martinez*, *supra*, 49 Cal.4th at p. 64; see also Cal.Code Regs., tit. 8, § 11140, subd. 2(C), (F).)[2]  Appellants discuss only the first and second definitions.  We therefore confine our analysis to these definitions.

As to the first definition, Dole satisfied its "initial burden of production to make a prima facie showing" that it did not exercise control, either directly or indirectly or through an agent or any other person, over appellants' wages, hours, or working conditions.  (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 850.)  In its separate statement of undisputed material facts, Dole asserted, and appellants did not dispute, that

---

[2] "The California Code of Regulations incorrectly designates section 2(F) of Wage Order No. 14 as subdivision 2(G) of title 8, section 11140.  This opinion cites section 11140's subdivisions as if they were correctly numbered to conform to those of the wage order."  (*Martinez*, *supra*, 49 Cal.4th at p. 48, fn. 9.)

Four Seasons had hired its employees, trained them, supervised them, told them when and where to work and when to take meal and rest breaks, issued all paychecks, decided when and how much to pay its employees, purchased workers' compensation insurance, decided who would be promoted or disciplined, and provided its employees with the tools, clothing, and equipment needed to perform their work.

Moreover, the Contract provided that Four Seasons "will have complete control over the harvesting, packing and transportation of the Product" and "will be solely responsible for all decisions regarding hiring, retention, disciplining and/or termination of its employees." Four Seasons will establish "in its sole discretion" the employees' "[w]ages, hours, and working conditions . . . subject only to its obligation to comply with all federal state, and local laws." In addition, Four Seasons "will provide all supervision and transportation of its work force" and will supply "all legally required protective equipment." The Contract emphasized that the parties "are independent contractors and that this Agreement does not . . . create a partnership or joint venture between them."

Under the second definition of "to employ," (suffer or permit to work), "[a] proprietor who knows that persons are working in his or her business without having been formally hired, or while being paid less than the minimum wage, clearly suffers or permits that work by failing to prevent it while having the power to do so." (*Martinez*, *supra*, 49 Cal.4th at p. 69.) As to this definition, Dole also satisfied its "initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact . . . ." (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 850.) Dole did not suffer or permit appellants to "work because [pursuant to the Contract and Dole's statement of undisputed material facts, it did not have] the power to prevent [appellants] from working. [Four Seasons] had the exclusive power to hire and fire [its] workers, to set their wages and hours, and to tell them when and where to report to work." (*Martinez*, *supra*, 49 Cal.4th at p. 70.) "Perhaps [Dole] . . . might as a practical matter have forced [Four Seasons] to lay off workers or to divert their labor to other projects . . . by withdrawing its business. But any [harvester such as Dole] might force similar choices on a [farm labor contractor such as Four Seasons] by withdrawing [its] business.

.5

Such a business relationship, standing alone, does not transform [Dole] into the employer of [Four Seasons'] workforce." (*Ibid.*)

Since Dole carried its burden of production to make a prima facie showing that it was not appellants' joint employer, the burden of production shifted to appellants "to make a prima facie showing of the existence of a triable issue of material fact . . . ." (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 850.) Appellants were required to "present evidence that would allow a reasonable trier of fact to find in [their] favor on the [joint employer] issue by a preponderance of the evidence, that is, to find [it] . . . more likely than not [that Dole was their joint employer]." (*Id.*, at p. 852.) If appellants failed to meet their burden of production, the joint employer "issue is not triable—that is, it may not be submitted to a trier of fact for determination in favor of either [appellants] or [Dole], but must be taken from the trier of fact and resolved by the court itself in [Dole's] favor and against [appellants]." (*Id.*, at p. 857.)

Appellants did not carry their burden of production. In their separate statement of material facts, appellants merely asserted that Dole had "hired temporary labor to harvest" its product and had "delegated" to Four Seasons its "employer responsibilities" and authority over wages, hours, and working conditions. These conclusionary allegations are not statements of fact; they are a theory of liability. "To avoid summary judgment, admissible evidence presented to the trial court, not merely claims or theories, must reveal a triable, material factual issue. . . . Moreover, the opposition to summary judgment will be deemed insufficient when it is essentially conclusionary . . . ." (*Wiz Technology, Inc. v. Coopers & Lybrand* (2003) 106 Cal.App.4th 1, 11.)

In support of their theory that Dole had hired the workers and delegated its employer responsibilities and authority to Four Seasons, appellants referenced the Contract and no other evidence. The Contract does not support the theory. As noted above, the Contract states that Four Seasons "will be *solely* responsible for all decisions regarding hiring, retention, disciplining and/or termination of its employees," that it "will provide *all* supervision . . . of its work force," and that "[w]ages, hours, and working conditions of [Four Seasons'] employees will be established in its *sole* discretion . . . ."

.6

(Italics added.) In response to appellants' separate statement of material facts, Dole quoted the above provisions of the Contract and stated, "There is no dispute as to the language in the Harvesting Contract."

Appellants' assertion that Dole had hired the workers conflicts with their responses to Dole's separate statement of undisputed material facts. Appellants said it was "undisputed" that "[w]hen Plaintiff Espinoza was hired, the Four Seasons supervisor called her on her cell phone and hired her." Appellants also said it was "undisputed" that "Four Seasons hired its own employees."

In eight footnotes of their opening brief, appellants make numerous references to the record in an attempt to show that there are triable issues of material fact whether Dole was a joint employer. But none of these evidentiary references was included in appellants' separate statement of facts. That statement was required to set forth material facts "followed by a reference to the supporting evidence." (Code Civ. Proc., § 437c, subd. (b)(3); see also Cal. Rules of Court, rule 3.1350(f); *Collins v. Hertz Corp.* (2006) 144 Cal.App.4th 64, 72.)

In ruling on a motion for summary judgment, the trial court has discretion whether to consider evidence that is not referenced in a party's separate statement. (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1189-1191; *San Diego Watercrafts, Inc. v. Wells Fargo Bank, N.A.* (2002) 102 Cal.App.4th 308, 314-316.) "[W]e review the decision to consider or not consider this evidence for an abuse of that discretion." (*Id.*, at p. 316.)

The trial court apparently relied on the parties' separate statements and did not consider the evidence referred to in the eight footnotes of appellants' opening brief. The record does not include a reporter's transcript of the hearing on the motion for summary judgment. In its order granting the motion, the trial court said that its "determination is based upon Defendant Dole's Undisputed Material Facts Nos. 1-31, which were designated as undisputed by [appellants] in [their] Statement Opposing Defendant's Statement of Material Facts." The court set forth each of the 31 undisputed facts and did not mention any other evidence.

.7

The trial court did not abuse its discretion in not considering the evidence referred to in the eight footnotes. As Dole shows at pages 30-46 of its brief, this evidence is complex. "[T]he rules dictating the content and format for separate statements submitted by moving and responding parties 'permit trial courts to expeditiously review complex motions for . . . summary judgment to determine quickly and efficiently whether material facts are disputed.' [Citations.]" (*Collins v. Hertz Corp.*, *supra*, 144 Cal.App.4th at p. 72.) Where a party's separate statement fails to set forth the facts, " ' "it is no answer to say the facts set out in the supporting evidence or memoranda of points and authorities are sufficient. 'Such an argument does not aid the trial court at all since it then has to cull through often discursive argument to determine what is admitted, what is contested, and where the evidence on each side of the issue is located.' " [Citations.]' " (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 640-641.)

In any event, appellants have forfeited their contention that a triable issue of material fact exists based on the eight footnotes of record references in their opening brief. Appellants do not set forth or discuss the facts disclosed by the record references. Their contention, therefore, is devoid of any factual analysis. "It is an established rule of appellate procedure that an appellant must present a factual analysis and legal authority on each point made or the argument may be deemed waived. [Citations.]" *People ex rel. Dept. of Alcoholic Beverage Control v. Miller Brewing Co.* (2002) 104 Cal.App.4th 1189, 1200; accord, *Placer County Local Agency Formation Com'n v. Nevada County Local Agency Formation Com'n* (2006) 135 Cal.App.4th 793, 814 ["We need not address points in appellate briefs that are unsupported by adequate factual or legal analysis"].)

Furthermore, many of the record references are to appellants' memorandum of points and authorities filed in support of their opposition to the motion for summary judgment. ["A]n appellant may not simply incorporate by reference arguments made in papers filed in the trial court rather than brief the arguments on appeal. [Citation.] Such arguments are not considered on appeal. [Citation.]" *People ex rel. Dept. of Alcoholic Beverage Control v. Miller Brewing Co.*, *supra*, 104 Cal.App.4th at p. 1200.)

.8

Dole therefore bore its burden of persuasion that there is no triable issue of material fact and that it is entitled to judgment as a matter of law. Appellants cannot establish their claim that Dole was a joint employer of Four Seasons' workforce. "[A] reasonable trier of fact could not find for [appellants]." (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 857.)

We agree with Dole that "[t]o accept [appellants'] 'delegation' logic would mean that every time a grower enters into a contract with a farm labor contractor for harvesting activities, the grower (the alleged delegator) is automatically the joint employer of the farm labor contractor's employees." Appellants assert: "It is difficult to imagine a scenario where the grower would not be a joint employer with the FLC [farm labor contractor] who supplies labor to harvest and or/process the grower's crops." "[R]ules of liability as broad as those [appellants] advocate are appropriately left to the Legislature." (*Martinez*, *supra*, 49 Cal.4th at p. 71.) As our Supreme Court noted in *Martinez*, the only situation where the legislature has imposed such broad liability is in garment manufacturing: " 'To ensure that employees are paid for all hours worked, a person engaged in garment manufacturing, as defined in [Labor Code] Section 2671, who contracts with another person for the performance of garment manufacturing operations shall guarantee payment of the applicable minimum wage and overtime compensation, as required by law, that are due from that other person to its employees that perform those operations.' ([Lab. Code,] § 2673.1, subd. (a).)" (*Id.*, at p. 71, fn. 46.)

*Arredondo v. Delano Farms Company* (E.D.Cal. 2013) 922 F.Supp.2d 1071, is distinguishable. There, the court concluded that Delano Farms, a grower of table grapes, and two farm labor contractors jointly employed the plaintiff farm workers. The court decided that Delano Farms exercised control over the plaintiffs' wages because it and the contractors had "expressly negotiated and set plaintiffs' rate of pay as part of their contract." (*Id.*, at p.1088.) Here, in contrast, the Contract provides that Four Seasons will establish "in its sole discretion" the employees' "[w]ages, hours, and working conditions . . . subject only to its obligation to comply with all federal state, and local laws."

In determining that Delano Farms was a joint employer, the court also considered that, instead of pooling their "income from various sources and [paying] employee wages from that fund," the contractors "appeared to pay [their] employees directly from the funds [they] received from Delano Farms when employees were working for Delano Farms."  (*Ibid.*)  A similar arrangement did not occur here.  Ramon Del Real, the owner of Four Seasons, declared that Four Seasons has performed services for "various companies unrelated to Dole . . . ."  It "combines the revenue it receives from all sources . . . and . . . pays its employees out of those combined revenues and assets."

*Disposition*

The judgment is affirmed.  Dole shall recover its costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

.10

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Marlin & Salrzman; Louis M. Marlin, Stephen P. O'Dell. For Appellant.

Nava & Gomez; Santos Gomez and Cesar H. Nava, for Appellant.

Patrick J. Grady, John M. Scheppach; Allem, Matkins, Leck, Gamble, Mallory & Natsis, for Respondent.