Filed 1/27/16  Tigner v. Calif. Dept. of Corrections and Rehabilitation CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| LULA HEIGHT TIGNER, | D068509 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. RIC534514) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Riverside County, Daniel A. Ottolia, Judge.  Affirmed.

Law Offices of Leo James Terrell and Leo James Terrell for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Chris A. Knudsen and Patti W. Ranger, Deputy Attorneys General, for Defendant and Respondent.

Plaintiff Lula Height Tigner appeals a judgment in favor of her employer, the California Department of Corrections and Rehabilitation (CDCR).  Tigner contends the trial court erred by granting CDCR's motion for summary adjudication on Tigner's claims

for retaliation in violation of the federal Family and Medical Leave Act (FMLA; 29 U.S.C. § 2601 et seq.) and the California Family Rights Act (CFRA; Gov. Code, § 12945.1 et seq.). Tigner argues (1) the court erred by not striking CDCR's separate statement of undisputed material facts for failure to comply with the California Rules of Court and (2) triable issues of material fact precluded summary adjudication of her retaliation claims. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Tigner's operative third amended complaint (TAC) alleged the following facts: Tigner was employed by CDCR as an office technician. She received a promotion in September 2007. After discussing the promotion and a related transfer with her immediate supervisor, the supervisor accused Tigner of being disloyal. The supervisor punished Tigner by changing her work hours in violation of CDCR policy. During this discussion, and subsequent meetings with management, Tigner attempted to enlist aid from her union. However, Tigner's supervisor and other managers instructed her not to contact her union and threatened retaliation if she did so. When Tigner nonetheless contacted her union and attempted to file a grievance, her supervisor and other managers retaliated by (1) rescinding Tigner's promotion and related transfer and (2) removing Tigner from her workplace and transferring her in violation of CDCR policy. Approximately a year later, in October 2008, Tigner told her new supervisor she needed time off to care for her mother, who was in the hospital. Tigner received authorization and took the time off work. Tigner's supervisor later changed his mind about the authorization and accused Tigner of being absent without leave (AWOL) during her time

2

off.  A month after that, in November 2008, Tigner again took time off to care for her mother.  Tigner was told that she did not correctly request time off under the FMLA, and her pay was withheld for those days.  As a result of these absences, Tigner was suspended from work for 48 days.

Based on these allegations, the TAC set forth six causes of action:  (1) violation of Tigner's civil rights under title 42 United States Code section 1983 by depriving her of her right to associate with her union; (2) violation of Tigner's civil rights under title 42 United States Code section 1983 by retaliating against her for union activities; (3) violation of the FMLA by not allowing Tigner to take leave to care for her mother in October and November 2008; (4) violation of the FMLA by retaliating against Tigner for taking leave to care for her mother; (5) violation of the CFRA by not allowing Tigner to take leave to care for her mother in October and November 2008; and (6) violation of the CFRA by retaliating against Tigner for taking leave to care for her mother.  In pretrial proceedings, the court dismissed Tigner's two causes of action under title 42 United States Code section 1983.

CDCR moved for summary judgment or, in the alternative, summary adjudication on Tigner's remaining causes of action.  As to Tigner's claims of retaliation, CDCR argued that it had legitimate, nondiscriminatory reasons to impose a 48-day suspension on Tigner, including Tigner's insubordination, discourtesy, inappropriate behavior in front of prison inmates, and AWOLs.  In support of its motion, CDCR filed a separate statement of undisputed material facts.  The separate statement listed two issues:  first, "the third and fifth causes of action for violation of Family Medical Leave Act rights and

3

California Family Rights Acts [*sic*] are without merit," and second, "the fourth and sixth causes of action for retaliation in violation of Family Medical Leave Act rights and California Family Rights Acts [*sic*] are without merit."

CDCR included in its separate statement two facts related to an earlier FMLA request Tigner submitted in February or March 2007. The first fact stated, "Around February or March 2007, Tigner submitted a request to take leave under the [FMLA] and [CFRA] for the period of February 20, 2007 to February 19, 2008, to care for her ailing father." The second fact stated, "Tigner knew how to properly request FMLA leave time off at CRC[1]. For her 2007 FMLA request, Tigner correctly followed CRC procedure to make the request, using CRC's standard authorized Request Packet. On or about February 2007, Tigner signed acknowledgement of receipt the notice of rights [*sic*]. The standard Certification of Health Care Provider form contained the required information and certifications and was signed by the doctor. [¶] This FMLA of Tigner's request [*sic*] was properly approved by all necessary levels of CRC administration." CDCR's motion relied on these facts to show that Tigner knew the procedure for requesting FMLA and CFRA leave and that her failure to follow the procedure for her later 2008 requests to care for her mother should not be excused.

Tigner opposed CDCR's motion, contending that triable issues of fact precluded summary judgment or summary adjudication of her claims. Tigner argued that CDCR "violated the FMLA/CFRA by not allowing [Tigner] to take a few days off from work to

_____

1    CRC refers to the California Rehabilitation Center, a state prison in Norco, California where Tigner worked.

4

tend to her ailing mother in October 2008 and again in November 2008. [¶] . . . [¶] Furthermore, [CDCR] retaliated against [Tigner] in violation of the FMLA/CFRA by suspending her for 48 days because she took time off to tend to her ailing mother, which was a qualified absence under the FMLA." Tigner also offered arguments in support of her previously dismissed claims under title 42 United States Code section 1983.

Tigner objected to the format of CDCR's separate statement. She argued that it did not comply with the California Rules of Court, rule 3.1350(d),[2] because it did not list issues under the FMLA and CFRA separately. Tigner claimed the two statutes were separate and distinct and should therefore be discussed separately.

In her response to CDCR's separate statement, Tigner disputed the two facts related to her 2007 request for FMLA leave to care for her father. Tigner argued the facts were incomplete and not supported by the cited evidence. As to both facts Tigner also stated, "The alleged uncontested fact is irrelevant. The Plaintiff's Complaint alleges causes of action that the Defendant denied her rights and privileges under the FMLA and CFRA for Plaintiff's requests made from November 2008 forward; subsequent to the Plaintiff's request for union representation."

After oral argument, the trial court granted summary adjudication in favor of the CDCR on Tigner's causes of action for retaliation under the FMLA and CFRA. The court wrote, "The Court finds that [CDCR] has offered a legitimate no[n]retaliatory reason for the adverse employment action. But [Tigner] has failed to meet its burden of

---

[2]     Further rule references are to the California Rules of Court.

showing that the [proffered] reason was pretextual. [Tigner] has not put forward specific and substantial evidence challenging the credibility of the employer's motives. [Citation.] [Tigner] does not demonstrate that pretext applies to her CFRA and FMLA requests for leave."

The court denied summary adjudication on Tigner's causes of action for substantive violations of the FMLA and CFRA. The court held a jury trial on those causes of action, and the jury returned a verdict in favor of the CDCR. The court entered judgment accordingly, and Tigner appeals.[3]

DISCUSSION

I

Tigner first contends the court erred by not striking CDCR's separate statement under rule 3.1350(d) because the separate statement combined, as one issue, Tigner's causes of action for FMLA retaliation and CFRA retaliation. The rule provides, in relevant part, as follows: "The Separate Statement of Undisputed Material Facts in support of a motion must separately identify (A) each cause of action, claim for damages, issue of duty, or affirmative defense that is the subject of the motion; and (B) each supporting material fact claimed to be without dispute with respect to the cause of action, claim for damages, issue of duty, or affirmative defense . . . ." (Rule 3.1350(d).) We review the court's decision whether to strike a party's separate statement for abuse of discretion. (See *Truong v. Glasser* (2009) 181 Cal.App.4th 102, 118; *Parkview Villas*

_____

[3]     Tigner does not challenge the jury verdict in this appeal.

6

*Association, Inc. v. State Farm Fire & Casualty Insurance Co.* (2005) 133 Cal.App.4th 1197, 1208.)

Tigner has not shown any abuse of discretion here. The relevant standards for Tigner's retaliation claims under the FMLA and the CFRA were substantively identical, as were the undisputed material facts that CDCR argued defeated each claim. (See *Moreau v. Air France* (9th Cir. 2004) 356 F.3d 942, 945, fn. 1.) Tigner has provided no evidence its opposition or the court's consideration of CDCR's motion was made more difficult by the format of CDCR's separate statement. (See *Truong v. Glasser, supra*, 181 Cal.App.4th at p. 118 ["The facts critical to the ruling were adequately identified, and Plaintiffs have not explained how any alleged deficiency in [defendant's] separate statement of material facts impaired Plaintiffs' ability to marshal evidence to show that material facts were in dispute . . . ."].)

Tigner also claims CDCR's separate statement was improper because one of its facts incorporated the 36 facts that preceded it. While internal references may be so convoluted as to defeat the purpose of the separate statement (see, e.g., *Collins v. Hertz* (2006) 144 Cal.App.4th 64, 72), Tigner has not shown the incorporation here impeded her or the court's understanding of CDCR's motion or the undisputed facts on which it was based. The court did not abuse its discretion by considering the substance of CDCR's separate statement.

## II

On the merits, Tigner contends the court erred by granting summary adjudication on her FMLA and CFRA retaliation claims. Tigner claims the record shows triable

7

issues of material fact that CDCR retaliated against Tigner for requesting FMLA and CFRA leave to care for her father in 2007. CDCR responds that such a claim was not framed by the pleadings (or pursued in the trial court) and therefore cannot provide grounds for reversal. For reasons we will explain, we agree with the CDCR.

" 'The pleadings delimit the issues to be considered on a motion for summary judgment. [Citation.]' [Citation.] Thus, a 'defendant moving for summary judgment need address only the issues raised by the complaint; the plaintiff cannot bring up new, unpleaded issues in her or her opposing papers.' [Citation.] 'To create a triable issue of material fact, the opposition evidence must be directed to issues raised by the pleadings. [Citation.] If the opposing party's evidence would show some factual assertion, legal theory, defense or claim not yet pleaded, that party should seek leave to amend the pleadings before the hearing on the summary judgment motion. [Citations.]' [Citation.]" (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1253.)

Tigner's operative complaint, the TAC, cannot reasonably be interpreted to allege retaliation based on Tigner's 2007 leave request to care for her father. Tigner's TAC does not mention the 2007 leave request. In each cause of action for retaliation, Tigner alleged, "Each Defendant retaliated against Plaintiff in violation of the FMLA [or CFRA] by suspending her for 48 days because she took time off to tend to her ailing mother, which was a qualified absence under the FMLA [or CFRA]." Tigner's causes of action therefore rested on her October and November 2008 leave requests to care for her mother, rather than her February 2007 request (through February 2008) to care for her father.

8

Tigner's separate statement in opposition to CDCR's motion confirms this interpretation of Tigner's TAC. In response to CDCR's two facts related to the 2007 request, Tigner explicitly denied that her causes of action rested on that request. Tigner stated, "The alleged uncontested fact is irrelevant. The Plaintiff's Complaint alleges causes of action that the Defendant denied her rights and privileges under the FMLA and CFRA for Plaintiff's requests made from November 2008 forward; subsequent to the Plaintiff's request for union representation."

Because Tigner's pleading did not raise any issue of retaliation related to her February 2007 request to care for her father, CDCR was not required to address that issue in its motion. (*Laabs v. City of Victorville, supra*, 163 Cal.App.4th at p. 1253.) Tigner has shown no error in the trial court's order granting summary adjudication.

Tigner also may not challenge the trial court's order by raising the issue of her February 2007 request for the first time on appeal. "The rule which forbids raising a new issue for the first time on appeal takes on added significance in summary judgment proceedings because '[t]he moving party's burden on a motion for summary judgment is only to "negate the existence of triable issues of fact in a fashion that [entitles] it to judgment on the issues raised by the pleadings. [Citation.] It [is] not required to refute liability on some theoretical possibility not included in the pleadings." [Citation.]' [Citation.] Accordingly, it would be unfair to a party who successfully moved for summary judgment to permit the opposing party on appeal to raise a new theory not included in the pleadings." (*Munro v. Regents of the University of California* (1989) 215 Cal.App.3d 977, 989; see *Jordan-Lyon Productions, Ltd. v. Cineplex Odeon Corp.* (1994)

9

29 Cal.App.4th 1459, 1472.)[4] In light of this rule, we decline to consider whether a triable issue of fact exists on the current record regarding any claimed retaliation based on Tigner's February 2007 request for FMLA and CFRA leave.

DISPOSITION

The judgment is affirmed. Each party is to bear its own costs on appeal.

HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


McDONALD, J.

---

4      Although a defendant moving for summary judgment (or summary adjudication) is no longer required to "conclusively negate an element of the plaintiff's cause of action" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853), this change in the substance of law governing summary judgment and summary adjudication does not affect the rule that a plaintiff challenging summary judgment or summary adjudication on appeal may not raise a new issue not framed by the pleadings or pursued in the trial court.

10