Filed 6/2/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CHAMPLIN/GEI WIND HOLDINGS, LLC, <br><br> Plaintiff, Cross-defendant and Respondent, <br><br> v. <br><br> KEITH AVERY, <br><br> Defendant, Cross-complainant and Appellant. | 2d Civil No. B319563 <br> (Super. Ct. No. 20CV02270) <br> (Santa Barbara County) |

      This litigation started as an ordinary claim of breach of contract flowing from a business venture that went awry. We hopefully put this matter to rest. But we must opine on the duties of counsel as an officer of the court. We expect counsel to know and follow basic law relating to civil procedure. That did not happen here. We will impose sanctions for the filing of a frivolous appeal from a discretionary trial court ruling. We publish this opinion for several reasons, not the least of which is a guidepost to the bar not to file a frivolous appeal. We ourselves had occasion to warn attorneys concerning the abuse of discretion

standard on appeal twenty-five years ago.  (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443 (*Gilkison*).)  "'Everything has been said already; but as no one listens, we must always begin again.'" (*Overton v. Vita-Food Corp.* (1949) 94 Cal.App.2d 367, 370.)  We borrow the phrase from our previous opinion:  This appeal "was 'dead on arrival' at the appellate courthouse." (*Gilkison, supra,* at p. 1449.)  This does not mean that we do not consider the contentions of counsel.  We do.  But sometimes, the contentions are frivolous in light of the record on appeal.  That is the case here.

Respondent Champlin/GEI Wind Holdings, LLC and appellant Keith Avery entered into a Development Services Agreement (DSA) to develop a wind energy project in Hawaii. Respondent terminated the DSA and sold the project before it was finished.  Appellant filed a mechanic's lien against the project in Hawaii.  Respondent filed a complaint for breach of contract against appellant in California and appellant filed a cross-complaint.  On a motion for summary judgment the trial court ruled that no additional compensation was due to appellant.  It granted respondent summary judgment on the cross-complaint and summary adjudication of its cause of action for declaratory relief.  Final judgment was entered one month later.  Thereafter, appellant filed a notice of appeal from the order granting summary judgment, and not from the judgment itself.

Appellant contends, with no factual support in the record, that the trial court erred because it should have granted leave to amend the cross-complaint to allege a new and different breach of the DSA and because disputed issues of fact exist.  Respondent contends the appeal must be dismissed because it was taken from

2

a non-appealable order.  Alternatively, it contends the judgment should be affirmed because appellant failed to demonstrate the existence of disputed facts.  We affirm the judgment and, as indicated, we also impose sanctions for filing a frivolous appeal.

FACTS AND PROCEDURAL HISTORY

Appellant, acting through West Wind Works, LLC (3W) a limited liability company of which he was the sole member, and respondent entered into a Development Services Agreement (DSA) to develop a wind energy project on Oahu, Hawaii.  Pursuant to the DSA and related agreements, appellant had a 5 percent interest in Champlin Hawaii, an entity formed to jointly develop wind energy projects on Oahu.  These agreements provided that all distributions from Champlin Hawaii would be made to respondent until respondent received a 15 percent internal rate of return on its invested capital.  Then, appellant's limited liability company, 3W, would participate in distributions.  Appellant was paid a monthly services fee, starting at $2,000 per month, with a cap of $250,000.

About two years after these agreements were made, appellant assigned his 5 percent interest in Champlin Hawaii to respondent.  As a consequence of that assignment, appellant and 3W no longer held an ownership interest in Champlin Hawaii.  The parties also amended the DSA.  The amendment provided for an initial payment to appellant of $10,000, once certain permits were issued for the project.  Appellant was slated to receive another $75,000 after the project executed a power provider agreement (PPA) with the Hawaiian Electric Company (HECO) and the PPA was approved by the Public Utilities Commission.  Finally, the amended DSA provided for a bonus to be paid to appellant after the project achieved its commercial operation date

3

(COD) or was sold, and respondent achieved its 15 percent pre-tax internal rate of return.

Respondent terminated the DSA in March 2015, after appellant stopped working on project-related matters and the project missed many of its development milestone dates. Respondent paid appellant the $2,000 services fee through the termination date, as well as the first two bonuses provided for in the amended DSA. In December 2018, respondent sold its interest to a third party. Its net proceeds from the sale exceeded $20 million, resulting in an actual internal rate of return of 8.60676 percent.

In May 2020, appellant filed a mechanic's lien in Hawaii, alleging he was entitled to additional compensation under the amended DSA. Respondent filed its complaint against appellant in California. It alleged that appellant breached the DSA by, among other things, failing to mediate before filing the mechanic's lien and ignoring the DSA's choice of law and forum selection provisions.[1] Appellant's cross-complaint alleges only that respondent breached the DSA when it "sold the project . . . without [appellant's] knowledge or approval," resulting "in the termination of [appellant's] compensation . . . ."

Respondent moved for summary judgment or summary adjudication on both its complaint and appellant's cross-complaint. Contrary to traditional and time-honored rules on

---

[1] Paragraph 12.9 of the DSA requires the parties to attempt to informally resolve disputes and to engage in formal mediation before commencing any litigation. Paragraph 12.4 requires the DSA to be interpreted under Delaware law and any mediation or litigation to occur in Santa Barbara County, where respondent has its principal place of business.

4

how to contest such a motion (see pp. 8-11), appellant did not file a timely opposition or separate statement of disputed facts. On the day before the hearing, appellant only filed an opposing brief where he argued summary judgment on the cross-complaint should be denied because respondent breached the DSA by not paying appellant his capital account balance. At the hearing, appellant's counsel acknowledged that this breach was not alleged in the cross-complaint. He informed the trial court, "We're basically asking to amend the wording of the cross-complaint to conform with what our theory is and we'd like to present that at trial." This argument does not "carry the day" at a law and motion hearing.

The trial court denied the oral motion to amend the cross-complaint. It granted judgment to respondent on the cross-complaint, concluding the DSA did not require respondent to obtain appellant's approval before selling the project. It also granted summary adjudication on respondent's cause of action for declaratory relief. The trial court ruled, as a matter of law, that respondent's obligation to pay a bonus to appellant "was conditioned on [respondent's] receiving" a 15 percent internal rate of return on the project. Respondent did not receive that rate of return and appellant therefore "is not entitled" to the bonus "or any other compensation or payment" under the DSA.

DISCUSSION

Appealable Order. Respondent contends the appeal must be dismissed because it was taken from the non-appealable order granting its motion for summary judgment, rather than from the judgment itself. An order granting summary judgment is not an appealable order. (*Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 761.) However, when the order is followed by a

judgment, we have discretion to deem the premature notice of appeal to have been filed after the entry of judgment. (*Mukthar v. Latin American Security Service* (2006) 139 Cal.App.4th 284, 288.) We exercise our discretion to do so here because judgment was actually entered and respondent has not been misled to its prejudice by the premature notice of appeal. (*Mitchell v. Los Robles Regional Medical Center* (2021) 71 Cal.App.5th 291, 296, fn. 2 (*Mitchell*); *Boyer v. Jensen* (2005) 129 Cal.App.4th 62, 69.)

Denial of Leave to Amend the Cross-Complaint. Appellant contends the trial court abused its discretion when it denied leave to amend the cross-complaint to allege a different breach of the DSA. He further contends the trial court erred because there is a disputed issue of fact on the question whether appellant is entitled to be paid for his capital investment in the project. We are not persuaded.

"The trial court must grant a motion for summary judgment 'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' ([Code Civ. Proc.,] § 437c, subd. (c).)" (*Mitchell, supra*, 71 Cal.App.5th at p. 296.) Whether a factual issue is material is determined by the pleadings which "'set the boundaries of the issues to be resolved at summary judgment.'" (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250.) The moving party's burden is to negate the theories of liability alleged in the operative pleading, not to "'"""refute liability on some theoretical possibility not included in the pleadings."""'" . . ." (*Id*. at pp. 1254-1255.) The moving party is not required "to negate elements of causes of action plaintiffs [or cross-complainants] never pleaded."

6

(*Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 182 (*Melican*).)

It follows that a party cannot avoid summary judgment by relying on theories that are not alleged in the pleadings. (*County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 332-333.) "[A] plaintiff [or cross-complainant] wishing 'to rely upon unpleaded theories to defeat summary judgment' must move to amend the complaint before the hearing." (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 648.)

Although leave to amend should be liberally granted, the trial court has discretion to deny it when a party unreasonably delays making the request. (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1280.) Unreasonable delay may be found where a plaintiff (or cross-complainant) seeks leave to amend only after the defendant (or cross-defendant) moves for summary judgment on grounds addressed by the proposed amendment and the proposed amendment is based on facts previously known to the plaintiff. (*Ibid.*) "It would be patently unfair to allow plaintiffs to defeat [the] summary judgment motion by allowing them to present a 'moving target' unbounded by the pleadings." (*Melican, supra,* 151 Cal.App.4th at p. 176.)

Here, appellant's cross-complaint alleged a single breach of the DSA: that respondent sold the project without his knowledge or approval. Appellant's untimely opposition to the motion for summary judgment asserted that the only issue raised by the cross-complaint "is whether or not he is owed compensation." At the hearing on the motion, appellant's counsel explained the cross-complaint "was not worded well" and that appellant was "going on a broader view of a breach of contract." He informed

7

the trial court that he was "basically asking to amend the wording of the cross-complaint to conform" to his new theory that respondents breached the DSA by failing to repay his capital account balance.

The trial court did not abuse its discretion when it denied leave to amend. Appellant never filed a motion to amend the cross-complaint, or the proposed amendment itself. He had access at all times to the DSA and related agreements, and could have requested leave to allege another breach before respondents filed their summary judgment motion, or even in a timely opposition to the motion. Instead, he waited until the summary judgment hearing to informally request leave to amend. In light of this unexplained delay and appellant's failure to file a motion to amend and proposed amended pleading, the trial court acted within its broad discretion when it denied leave. Appellant ignores the well-settled appellate rule requiring him to show that the trial court ruling was arbitrary, whimsical, or capricious; beyond the bounds of reason. (See, e.g., *Gilkison*, *supra*, 65 Cal.App.4th at pp. 1448-1450; citing *Brown v. Newby* (1940) 39 Cal.App.2d 615, 618.)

Moreover, the proposed amendment would have been futile because appellant was not entitled to any additional compensation. (*Foroudi v. The Aerospace Corp.* (2020) 57 Cal.App.5th 992, 1000-1001.) It is undisputed that appellant assigned his 5 percent membership interest in Champlin Hawaii to respondent. As the trial court ruled in granting summary judgment, this assignment released any ownership interest appellant had in the project. There was no capital account, or any balance to be repaid. Respondent paid appellant the monthly services fees and bonuses to which he was entitled, and appellant

8

acknowledged that he received those payments. He was not entitled to the final COD bonus provided for in the amended DSA because the project did not achieve a 15 percent internal rate of return on its sale. Given these undisputed facts, appellant would have been unable to allege that respondent breached the DSA by failing to repay his non-existent capital account. The trial court did not abuse its discretion when it denied leave to file a futile amendment to the cross-complaint.

Our ruling should end this litigation: res judicata pro veritate accipitur (a matter adjudged is taken for truth). (See Black's Law Dict. (8th ed. 2004) p. 1755, col. 1.) The Hawaiian lien should be vacated upon respondent's request in a Hawaiian court.

Untimely and Incomplete Opposition. Appellant contends the trial court erred when it granted summary judgment because material facts are in dispute. There was no error.

The opposition to a motion for summary judgment "shall include a separate statement" responding to each material fact identified by the moving party and indicating whether that fact is disputed by the opposing party. (Code Civ. Proc., § 437c, subd. (b)(3).) "Each [disputed] material fact . . . shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (*Ibid*.)

The separate statement "is an indispensable part of the summary judgment or adjudication process" because it plainly identifies factual issues and allows the trial court to determine whether a trial is required to establish those facts and resolve the dispute. (*Whitehead v. Habig* (2008) 163 Cal.App.4th 896, 902; *Collins v. Hertz Corp.* (2006) 144 Cal.App.4th 64, 73.)

9

"Opposition separate statements must cite to facts and evidence for the evidence to be considered by the court."  (*Bacoka v. Best Buy Stores, L.P.* (2021) 71 Cal.App.5th 126, 131, fn. 1.)

Once the moving party meets its burden to show that the material facts are undisputed, the party opposing summary judgment has the burden "to present evidence establishing a triable issue exists on one or more material facts."  (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 889.)  Admissible evidence is required to show that disputed issues of material fact exist.  (*Taylor v. Financial Casualty & Surety, Inc.* (2021) 67 Cal.App.5th 966, 994.)  "Responsive evidence that 'gives rise to no more than mere speculation' is not sufficient to establish a triable issue of material fact."  (*Carlsen, supra,* at pp. 889-890, quoting *Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 163.)

Here, the motion for summary judgment was, in effect, unopposed.  On the day before the hearing, appellant filed an opposing brief that lacked any separate statement and included no supporting evidence.  Respondent supported its motion for summary judgment with a declaration from an accountant who explained how she calculated respondent's internal rate of return on the investment and determined that it was below the 15 percent target rate of return identified in the DSA.  Appellant's opposition did not challenge this calculation or offer an opposing expert opinion regarding the project's rate of return.  Simply asserting that appellant is entitled to additional compensation without any supporting admissible evidence is not sufficient to create a disputed factual issue for trial.

The trial court had no obligation to disregard these defects. Appellant's failure to file a timely opposition, including a separate statement, was sufficient grounds to grant summary

judgment. His failure to submit any evidence showing a triable issue of fact was also sufficient grounds to grant the motion.

Rules on Appeal.

Trial counsel at the motion for summary judgment also represents appellant in this court. He ignores all of the traditional rules of appeal. He is correct that our review of a grant of summary judgment is de novo. That does not mean we consider counsel's conclusion that there are issues of fact to be resolved at trial. These "facts" are not in the record, i.e., not in a separate statement of disputed facts or supported by declarations or other evidence.

He is also correct in saying that pleadings are to be liberally construed. That does not mean his oral motion to amend the cross-complaint should have been granted. This is a discretionary ruling. Again, counsel does not appreciate traditional rules on appeal. (See, e.g., *In re Gilkison, supra,* 65 Cal.App.4th at pp. 1448-1456.)

Sanctions for Frivolous Appeal. Describing this appeal as frivolous and taken solely for delay, respondent has moved for an award of sanctions under Code of Civil Procedure section 907 and California Rules of Court, rule 8.276.

We have discretion to impose sanctions where the appeal is frivolous. "'An appeal is frivolous "only when it is prosecuted for an improper motive – to harass the respondent or delay the effect of an adverse judgment – or when it indisputably has no merit – when any reasonable attorney would agree that the appeal is totally and completely without merit. . . ." . . .'" (*Personal Court Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 191, quoting *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) Sanctions against a party's counsel are appropriate when "counsel had a

11

professional obligation not to pursue the appeal or should have declined the case outright.  [Citation.]  Sanctions against the party are appropriate when the record indicates the party benefitted from the delay or was otherwise involved in the bad faith conduct."  (*Malek Media Group LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 837 (*Malek Media Group*); see also *Clarity Co. Consulting, LLC v. Gabriel* (2022) 77 Cal.5th 454, 466.)

The appeal here is frivolous because it indisputably has no merit.  As we have explained, appellant's opposition to the motion for summary judgment was untimely and insufficient because it did not include any supporting evidence.  The oral request to amend the cross-complaint was equally inadequate because appellant did not file a motion to amend or the proposed amendment.  The rules attendant to summary judgment and summary adjudication of issues are not arcane and should be known to a reasonable attorney appearing at a law and motion hearing.  The procedure is set out, in detail, by statute.  The rules are the subject of hundreds of appellate court opinions.  Appellate counsel did not follow any of these rules.  To rule in appellant's favor on appeal, we would have to suspend Code of Civil Procedure section 437(c) and the rules on appeal.  In light of these obvious inadequacies, any reasonable attorney would agree that the trial court properly granted summary judgment and that this appeal would not result in a reversal.

Appellant claims the appeal is not completely without merit.  He states that in his opinion, and the opinions of two other attorneys whom he has consulted, the appeal is not frivolous.  He also states that the appeal is not frivolous because 1. leave to amend is liberally granted and 2. the DSA provides, "Irrespective of whether the DSA has been terminated or not,

12

Champlin Hawaii shall pay to [appellant] . . . an amount equal to the Capital Account balance of West Wind Works," under certain conditions. Appellant claims he "has evidence that in fact he is owed 1.72 million." As we have explained, however, appellant did not include that allegation in his cross-complaint or present any evidence of it in opposition to the motion for summary judgment. His naked claim that the evidence exists does not raise a triable issue of fact. For these reasons the trial court properly granted summary judgment and this appeal had no chance of success.

In addition, there is reason to believe the appeal was taken for purposes of delay. Appellant's mechanic's lien remains active in Hawaii, despite the fact that the trial court ruled he was not entitled to any additional compensation for services rendered to the project. Rather than withdraw the lien in deference to the trial court's judgment, appellant filed this appeal to which delays the finality of that judgment. Appellant must know his claims are without merit, yet he continues to pursue additional compensation through the mechanic's lien action.

Sanctions are warranted here because both appellant and his counsel had to have known this appeal was totally lacking in merit and unfairly delayed removal of the Hawaii mechanic's lien. We have discretion to award sanctions in an amount that reflects the costs this appeal imposed on respondent and on the court.[2] In addition, sanctions should reflect "the need to discourage similar conduct in the future." (*Malek Media Group, supra,* 58 Cal.App.5th at p. 837.) At the same time, we are aware that the power to impose sanctions for a frivolous appeal "should

---

[2] Respondent indicates it incurred attorney fees and costs of $48,915.50 in connection with this appeal and $13,329.82 in connection with its defense in the Hawaii mechanic's lien action.

be used most sparingly to deter only the most egregious conduct," so that we "avoid a serious chilling effect on the assertion of litigants' rights on appeal." (*In re Marriage of Flaherty, supra,* 31 Cal.3d at pp. 650-651.)

With these considerations in mind, we decline to award sanctions in the full amount sought by respondent. We nevertheless conclude sanctions are warranted against both appellant and his counsel. Appellant and his counsel, jointly and severally, are sanctioned in the amount of $10,000 payable to respondent, and in the amount of $5,000 payable to the clerk of this court. This opinion constitutes a written statement of our reasons for imposing sanctions. (*Clarity Co. Consulting, LLC v. Gabriel* (2022) 77 Cal.App.5th 454, 468.)

## DISPOSITION

The judgment is affirmed. Respondent's motion for sanctions on appeal is granted. For taking and prosecuting a frivolous appeal, sanctions are imposed on appellant and his counsel of record, jointly and severally, in the amount of $10,000 to be paid to respondent, and $5,000 to be paid to the clerk of this court. Upon issuance of the remittitur, the clerk of this court is ordered to forward a copy of this opinion to the State Bar. (Bus. & Prof. Code, §§ 6086.7, subd. (a)(3), 6068, subd. (o)(3).) All sanctions shall be paid no later than 30 days after the date the remittitur is issued. In addition, respondent shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(d).)

CERTIFIED FOR PUBLICATION.

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Steven Slavitt, for Defendant, Cross-complainant and Appellant.

Reicker, Pfau, Pyle & McRoy and Timothy J. Trager, for Plaintiff, Cross-defendant and Respondent.